UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RICHARD FELDMANN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:09CV2129MLM |
| ) | |
| NEW YORK LIFE INSURANCE ) | |
| COMPANY, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

This matter is before the court on Defendant's Motion for Leave to File Amended Answer and Counterclaim to Plaintiff's Petition. [Doc. 22] Plaintiff responded, opposing the motion. [Doc. 25] Defendant replied. [Doc. 26]

## BACKGROUND

On November 4, 2009 plaintiff Richard Feldmann ("Plaintiff") filed his Petition in the Circuit Court of St. Louis County, Missouri, alleging breach of contract, breach of covenant of good faith and fair dealing, breach of fiduciary duty, and claims arising under Tile VII of the Civil Rights Act of 1964, as amended 42 U.S.C. § 2000e, and the Missouri Human Rights Act, § 213.010 *et seq.,* R.S.Mo.  New York Life Insurance Company ("NYLIC") removed plaintiff's action to this court under 21 U.S.C. §§ 1331, 1332.

On March 9, 2010 this court entered a Case Management and Trial Order ("Order").  The Order stated that the parties had until April 9, 2010 to amend the pleadings.  NYLIC served its discovery requests on plaintiff on March 9, 2010 and

received some of plaintiff's documents on May 28, 2010. Plaintiff supplemented his production on August 3rd and August 10th, 2010.

NYLIC has subsequently through discovery[1] discovered additional facts which give basis for NYLIC to assert counterclaims against plaintiff for declaratory judgment, fraud, conversion, unjust enrichment, and replevin.

## DISCUSSION

Rule 15(a) of the Federal Rules of Civil Procedure states that leave to amend should be freely given when justice so requires. In <u>Brown v. Wallace</u>, the Eighth Circuit stated:

> The Supreme Court has interpreted [Rule 15(a)] to mean that "absent a good reason for denial - - such as undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendment previously allowed, undue prejudice to the non-moving party, or futility of the amendment - - leave to amend should be granted."

<u>Brown v. Wallace</u>, 957 F.2d 564, 565-66 (8th Cir. 1992) <u>quoting</u> <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962). <u>See</u> <u>also</u> <u>Estle v. Country Mut. Ins. Co.</u>, 970 F.2d 476, 480 (8th Cir. 1992) (only limited circumstances justify a district court's refusal to grant leave to amend pleadings); <u>Costello v. Providers Fidelity Life Ins.</u>, 958 F.2d 836, 839 (8th Cir. 1992)(it would be unduly prejudicial not to allow defendant to amend its answer to include its counterclaim).

---

[1] Plaintiff argues that defendant has known of the facts underlying the counterclaims since at least May, 2010. Defendant argues that plaintiff refused to provide records relating to plaintiff's divorce and after a meet and confer, finally produced the Order of Contempt (Doc. 22-4) which relates to defendant's counterclaims on August 10, 2010.

In the present case plaintiff alleges undue delay and prejudice as ground for his opposition to defendant's motion. He also alleges that NYLIC does not have standing and that NYLIC can not assert a claim for fraud in this court because the claim is based on a QDRO issued by the St. Louis County Circuit Court.[2] The court need not resolve the issue of when defendant learned of the order of contempt because "delay alone is insufficient to deny a motion to amend; prejudice to the non-movant must also be shown." Doe v. Cassel, 403 F.3d 986, 990-91 (8th Cir. 2005), quoting Bediako v. Steinmart, Inc., 354 F.3d 835, 841 (8th Cir. 2004); Sanders v. Chemco, 823 F.2d 214, 217 (8th Cir. 1987). Although the court's Case Management Order directs that discovery be closed on September 17, 2010, there is no reason discovery could not be extended by the court on proper motion in light of the March 7, 2011 trial date. Plaintiff will not be prejudiced by the filing of the amended answer and counterclaims.

Plaintiff's argument that NYLIC lacks standing is without merit. NYLIC is the plan administrator of the 401(k). Defendant's counterclaim is based on the allegation that plaintiff unlawfully took monies from the 401(k) and that NYLIC as a plan fiduciary, is obligated to recoup the money. Therefore, to the extent the QDRO awarded plaintiff's ex-wife 100% of the 401(k), NYLIC has standing to bring these claims against plaintiff.

Plaintiff's argument that NYLIC can not assert a claim for fraud in this court because the claim is grounded on a QDRO issued by the St. Louis County Circuit Court is also without merit. Defendant has correctly stated the law of ancillary jurisdiction:

---

[2] Plaintiff also argues that he only requested *his* portion of the 401(k). It is not appropriate to argue the merits of the case at this time.

> Moreover, once diversity jurisdiction is established[3], the federal court may exercise ancillary jurisdiction over the parties' state law claims under 28 U.S.C. § 1367. See generally Roberts v. Browning, 610 F.2d 528 (8th Cir. 1979); Miller v. Ceva Logistics, 2008 WL 130847 (W.D. Mo. Jan. 10, 2008). . .As the Supreme Court has described it, "the doctrine of ancillary jurisdiction . . . recognizes federal courts' jurisdiction over some matters (otherwise beyond their competence) that are incidental to other matters properly before the court." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 378. . . (1994). Specifically the Court has acknowledged two purposes for which a federal court may exercise ancillary jurisdiction: "(1) to permit disposition by a single court of claims that are, in varying respects and degrees, factually interdependent; and (2) to enable a court to function successfully, that is to manage its proceedings, vindicate its authority, and effectuate its decrees." Id. at 379-80. . . Because this court already has jurisdiction, it may exercise ancillary jurisdiction over NYLIC's state-law counterclaims against plaintiff.

Defendant's Reply at 3-4.

In conclusion, because Fed.R.Civ.P. 15(a) requires that leave to amend be freely given when justice so requires, defendant's Motion to Amend should be granted.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion for Leave to File Amended Answer and Counterclaim to Plaintiff's Petition is **GRANTED**. [Doc. 22]

/s/Mary Ann L. Medler
MARY ANN L. MEDLER
UNITED STATES MAGISTRATE JUDGE

Dated this  14th  day of September, 2010.

---

[3] Plaintiff did not dispute NYLIC's diversity jurisdiction in its removal papers.